UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

TOMAS QUINTANA

    Plaintiff,

v.

MIAMI GARDENS DRIVE & 87TH AVENUE SUPERMARKET, INC.
d/b/a SEDANO'S SUPERMARKET #36

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, TOMAS QUINTANA (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, MIAMI GARDENS & 87TH AVENUE SUPERMARKET, INC. doing business as SEDANO'S SUPERMARKET #36 (hereafter referred to as "Defendant") and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of the American with Disabilities Act of 1990, 42 U.S.C. Sec. 1211, et seq. ("ADA"), to redress injuries resulting from Defendant's unlawful, disability-based discriminatory of and retaliation against Plaintiff.

## PARTIES

2. Plaintiff, TOMAS QUINTANA, is an adult, male resident of Broward County, Florida.

3. Defendant MIAMI GARDENS & 87TH AVENUE SUPERMARKET, INC. doing business as SEDANO'S SUPERMARKET #36 is a Florida corporation authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

4. At all times material hereto, Plaintiff is an "employee" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq*.

5. At all times material hereto, Defendant is an "employer" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq*.

## JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§131, 1343, and 1367.

7. Venue is proper because the events/employment practices alleged in this Complaint to be unlawful were committed in Miami Dade County, within jurisdiction of this Honorable Court.

8. Plaintiff filed a charge of discrimination against Defendant with the Equal Opportunity Commission (hereafter referred to as "EEOC") and the Florida Commission on Human Relations (hereafter referred to as "FCHR").

9. Plaintiff files this complaint within 90 days after receiving a Notice of Right to Sue from the EEOC.

10. All conditions precedent for the filing of this action before this Honorable Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

11. On or about November 3rd, 2014, Plaintiff became employed by Defendant.

12. Plaintiff is, and was at all times relevant hereto, qualified to perform the essential functions of his job. Plaintiff properly performed all the duties and tasks assigned to him by the Defendant, and never was written up or reprimanded for work related issues.

13. On or about the year 2021, Plaintiff suffered a heart attack resulting in hospitalization for five (5) days. After complying with the doctor's rest orders, Plaintiff returned to back to Defendant on April 13, 2021.

14. On April 13, 2021, Plaintiff brought doctor's note from cardiologist Dr Julio Tallet stating that Plaintiff could return back to work without any work restrictions.

15. However, Defendant's Human Resource Department decided that Plaintiff could no longer work for Defendant because it was possible Plaintiff could have had another heart attack and was terminated from his job.

16. Human Resources medical assessment of the Plaintiff goes contrary to cardiologist medial assessment.

17. Dr Awais Humayun is another cardiologist that assessed the Plaintiff and wrote Plaintiff is cleared to go back to work with no restrictions and has acceptable risk profile. Meaning likelihood of reoccurrence is small.

18. Defendant did not honor the assessments of the doctors and decided to terminate the Plaintiff because the Plaintiff's prior medical condition.

19. As a result of Defendant's discriminatory treatment of Plaintiff based on his disability, Plaintiff has suffered damaged and was forced to retain undersigned counsel

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as is set out in full herein.

21. Plaintiff is a member of a protected class under the ADA.

22. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected Plaintiff to disability-based animosity.

23. Such discrimination was based upon the Plaintiff's disability in that the Plaintiff would not have been the object of discrimination but for the fact of her medical condition.

24. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

25. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

26. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

27. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

28. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

29. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

30. The American with Disabilities Act, 42 U.S.C. Sec. 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. Sec. 12112.

31. Plaintiff was fully qualified to be employed by Defendant and could perform all the essential function of the position held with Defendant.

32. Defendant is a covered employer to which the ADA applies.

33. Defendant terminated Plaintiff from employment because of Plaintiff's disability.

34. Defendant made no individualized assessment to determine whether Plaintiff could perform the essential functions of the job and be employed by Defendant, or whether a reasonable accommodation would enable her to be employed by Defendant, as required under the ADA.

35. Defendant's constructive discharge of Plaintiff on the basis of her disability and Defendant's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable her to be employed by Defendant violated the ADA.

36. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## RETALIATION IN VIOLATION OF THE ADA

37. Plaintiff re-alleges and re-affirms Paragraphs 1-19 as is it is fully set forth herein.

38. Plaintiff is a member of a protected class under the ADA.

39. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under the ADA.

40. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

41. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived Plaintiff of statutory rights under federal law.

42. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant

to federal law, to punish the Defendant for its actions and to deter it, and others from such action in the future.

43. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices and until this honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted,

By: /s/ *Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088